```
 1  PROSKAUER ROSE LLP
    HAROLD M. BRODY (Cal. Bar No. 84927)
 2  hbrody@proskauer.com
    PIETRO A. DESERIO (Cal. Bar No. 309230)
 3  pdeserio@proskauer.com
    TRACEY L. SILVER (Cal. Bar No. 287745)
 4  tsilver@proskauer.com
    ELAINE H. LEE (Cal. Bar No. 294002)
 5  ehlee@proskauer.com
    2049 Century Park East, 32nd Floor
 6  Los Angeles, CA 90067-3206
    Telephone: (310) 557-2900
 7  Facsimile:  (310) 557-2193
 8  Attorneys for Defendants,
    SPRINT/UNITED MANAGEMENT COMPANY
 9  and SPRINT COMMUNICATIONS COMPANY, L.P.
    (erroneously sued as SPRINT CORPORATION, a
10  SPRINT COMMUNICATIONS COMPANY, L.P.)
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL RUBIO, individually and on behalf of all other similarly situated employees, and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>SPRINT CORPORATION, a SPRINT COMMUNICATIONS COMPANY, L.P., a Delaware Corporation; SPRINT/UNITED MANAGEMENT CO., a Delaware Corporation; and Does 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:17-cv-02231<br><br>**DEFENDANTS SPRINT/UNITED MANAGEMENT COMPANY'S AND SPRINT COMMUNICATIONS COMPANY, L.P.'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>(Los Angeles County Case No. BC643194)<br><br>[28 U.S.C. §§ 1331, 1367, 1441, 1446]<br><br>Compl. Filed: December 9, 2016<br>Amended Compl. Filed: January 25, 2017 |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Sprint/United Management Company and Sprint Communications Company, L.P. (erroneously sued as Sprint Corporation, a Sprint Communications Company, L.P.) (collectively "Defendants"), by and through their undersigned counsel, hereby effect removal of the above-referenced action from the California Superior Court for the County of Los Angeles to the United States District Court for the Central District of California. Removal of this action is brought pursuant to 28 U.S.C. §§ 1331 and 1367, which gives this Court original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States" and supplemental jurisdiction "over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. §§ 1331; 1367(a). Specifically, removal of this action is made on the following grounds:

## BACKGROUND AND TIMELINESS OF REMOVAL

1. On December 9, 2016, Plaintiff Samuel Rubio ("Plaintiff") filed a Complaint against Defendants in the California Superior Court for the County of Los Angeles. (Decl. of Harold M. Brody in Supp. of Notice of Removal ("Brody Decl.") ¶ 2, Ex. A.) On January 25, 2017, Plaintiff filed a First Amended Complaint (the "FAC"). In his FAC, Plaintiff alleges causes of action for (i) failure to pay wages under the Fair Labor Standards Act ("FLSA"); (ii) failure to provide meal and rest periods; (iii) failure to pay wages and related overtime compensation; (iv) failure to provide reimbursement for business expenses; (v) failure to provide proper itemized statements; (vi) failure to pay wages due and payable twice monthly; (vii) failure to pay all wages due upon ending of employment; (viii) violation of California Business and Professions Code 17200, et seq. for unlawful competition and unlawful business practices; and (ix) violation of the Private Attorneys General Act ("PAGA"). (Brody

- 1 -

**DEFENDANTS SPRINT/UNITED MANAGEMENT COMPANY'S AND SPRINT COMMUNICATIONS COMPANY, L.P.'S NOTICE OF REMOVAL OF CIVIL ACTION**

1  Decl. ¶ 3, Ex. B.)

2      2. On February 21, 2017, Plaintiff served Defendants with a Summons and
3  a copy of the FAC. (Brody Decl. ¶ 3.)

4      3. On March 22, 2017, Sprint/United Management Company filed an
5  Answer to Plaintiff's FAC in the California Superior Court for the County of Los
6  Angeles. (Brody Decl. ¶ 4, Ex. C.)

7      4. To be timely, a Notice of Removal must generally be filed within 30 days
8  from defendant's receipt of an initial pleading or subsequent document from which the
9  case's removability becomes ascertainable. *See* 28 U.S.C. § 1446(b). If defendant has
10 not run afoul to either of these deadlines, defendant may remove at a later time. *Roth*
11 *v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). Thirty days
12 from February 21, 2017, is March 23, 2017. This Notice of Removal is being filed
13 prior to the end of March 23, 2017, and is therefore timely.

14     5. Notice of this removal is being given both to the adverse party and to the
15 state court pursuant to 28 U.S.C. § 1446(d). (Brody Decl., ¶ 5.)

## VENUE

17     6. Pursuant to 28 U.S.C. §§ 84(c), 1441(a), and 1446(a), venue lies in this
18 Court because the Central District of California is the "district and division embracing
19 the place where such action is pending," namely: the California Superior Court for the
20 County of Los Angeles.

## JURISDICTION

22     7. **Basis of Original Jurisdiction**. The above-captioned matter is a civil
23 action over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1331
24 because this is a civil action arising under the laws of the United States by virtue of
25 Plaintiff's claim under the FLSA. *See e.g. Hernandez v. Martinez,* Case No. 12-CV-
26 06133-LHK, 2014 U.S. Dist. LEXIS 112405, at *8 (N.D. Cal., Aug. 13, 2014) ("a
27 FLSA cause of action raises a federal question, and the Court properly may exercise
28 subject matter jurisdiction over the FLSA cause of action").

- 2 -
**SPRINT/UNITED MANAGEMENT COMPANY'S AND SPRINT COMMUNICATIONS COMPANY, L.P.'S
NOTICE OF REMOVAL OF CIVIL ACTION**

Case 2:17-cv-02231-SVW-GJS   Document 1   Filed 03/22/17   Page 4 of 5   Page ID #:4

8. **Supplemental Jurisdiction**. As described above, in his FAC, in addition to the FLSA claim for failure to pay wages, Plaintiff alleges California state law claims regarding failure to pay wages and related overtime compensation, failure to provide meal and rest periods, failure to provide reimbursement for business expenses, and derivative claims for failure to provide proper itemized wage statements, failure to pay wages due and payable twice monthly, failure to pay wages upon ending of employment, unlawful competition and business practices, and violation of PAGA. Each of Plaintiff's state law claims is related to the FLSA claim such that they "form part of the same case or controversy under Article III of the United States Constitution," namely: Defendants' alleged failure to lawfully compensate Plaintiff during his employment. 28 U.S.C. § 1367(a); *see also Martinez,* 2014 U.S. Dist. LEXIS 112405, at *8 ("Because the state law claims [under the California Labor Code for overtime, minimum wage, and waiting time penalties] arise out of the same factual allegations as the FLSA cause of action, the Court exercises supplemental jurisdiction over those claims").

## CONCLUSION

9. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Because Plaintiff's case is pending in the Los Angeles Superior Court and is a civil action arising under the laws of the United States, Plaintiff's case is removable to this Court. *See* 28 U.S.C. §§ 84(c)(2) (stating that the County of Los Angeles is in the Central District of California), 1331(a) (establishing original jurisdictional of civil actions arising under the law of the United States); 1367(a) (establishing supplemental jurisdiction over claims that are so related to the claim in the action within such original jurisdiction that they form part of the same case or controversy); and 1441(a) (establishing right to remove).

- 3 -
**SPRINT/UNITED MANAGEMENT COMPANY'S AND SPRINT COMMUNICATIONS COMPANY, L.P.'S NOTICE OF REMOVAL OF CIVIL ACTION**

10. In the event this Court should have any questions about the propriety of removal or may be inclined to remand this action, Defendants respectfully request that the Court issue an order to show cause why the case should not be remanded and afford the parties an opportunity to provide the Court with full briefing and argument.

**WHEREFORE**, Defendants hereby provide notice that the case originally captioned as *Samuel Rubio v. Sprint Corporation et al.* and designated as case number BC643194 in the California Superior Court for the County of Los Angeles, to this Honorable Court, has been removed to the United States District Court for the Central District of California for all further proceedings.

Dated: March 22, 2017

PROSKAUER ROSE LLP
Harold M. Brody
Pietro A. Deserio
Tracey L. Silver
Elaine H. Lee

By: */s/ Harold M. Brody*
       Harold M. Brody

Attorneys for Defendants
SPRINT/UNITED MANAGEMENT COMPANY and SPRINT COMMUNICATIONS COMPANY, L.P.

SPRINT/UNITED MANAGEMENT COMPANY'S AND SPRINT COMMUNICATIONS COMPANY, L.P.'S NOTICE OF REMOVAL OF CIVIL ACTION

77012637v2